Argued and submitted March 22; affirmed November 27, 2019; appellant's petition for reconsideration filed January 15, allowed by opinion March 11, 2020
See 302 Or App 794, ___ P3d ___ (2020)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CHARLES TIRY McCURRY,
*Defendant-Appellant.*

Washington County Circuit Court
17CR01344; A165882

455 P3d 1014

Defendant appeals a judgment of conviction for first-degree burglary, first and second-degree robbery, unlawful use of a weapon, and first-degree theft, assigning error to the trial court's failure to declare a mistrial *sua sponte* after the prosecutor purportedly vouched during closing argument for the state's witnesses' credibility. *Held*: The prosecutor's statements were not so prejudicial as to have denied defendant a fair trial. Therefore, the trial court did not err in failing to declare a mistrial *sua sponte*.

Affirmed.

Oscar Garcia, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

Defendant appeals a judgment of conviction for first-degree burglary, first and second-degree robbery, unlawful use of a weapon, and first-degree theft. He assigns error to the trial court's failure to declare a mistrial *sua sponte* after the prosecutor purportedly vouched during closing argument for the state's witnesses' credibility.[1] Although some of the prosecutor's statements may have been improper, we conclude that they were not so prejudicial as to deny defendant a fair trial. Hence, we affirm.

Defendant was indicted for crimes committed in a burglary of a home of an acquaintance of his. Before defendant's trial, two of his codefendants pleaded guilty to crimes related to the burglary. At defendant's trial, both codefendants testified that defendant had planned the burglary, and that the plan was for defendant to go to the acquaintance's home and get the acquaintance to open the door to the home when the codefendants knocked on it. Then, defendant would pretend to be a victim of the burglary while facilitating it. Defendant testified at his trial and denied that he had been involved in the burglary. Rather, defendant claimed to be a victim of it. Defendant also testified that, after the burglary, he hid in his girlfriend's apartment and did not respond to a police knock on the apartment door because he feared that the burglars might have pursued him.

During closing argument, the prosecutor made multiple comments indicating that the state's witnesses were credible and that defendant's version of events was not. The prosecutor said, "I submit to you [that one of the codefendant's testimony] is credible." The prosecutor also told the jury, "This is what I submit to you actually occurred based on the credible testimony of the witnesses, other than the defendant, and the other evidence in this case."

Defendant highlights several additional statements that the prosecutor made in his closing argument. First, in

---

[1] Defendant also assigns error to the trial court's failure to declare a mistrial *sua sponte* for purportedly improper argument by the prosecutor that appealed to the emotions of the jury. We reject that assignment of error without further discussion.

response to testimony that defendant had told the victim not to call 9-1-1 when the codefendants arrived at the home, the prosecutor said, "I mean, think about that. I mean, just on its face, that doesn't make sense. It makes no sense whatsoever, especially if, as [defendant], himself, wants you to believe, he had no idea who these guys were." Next, the prosecutor described the victim's testimony as "incredibly credible" and "extremely credible," going on to say "[t]here's no way this kid was making up the story. He's as—as matter of fact about things as you can possibly be." The prosecutor also described another witness's testimony as follows:

> "And, again, regarding his credibility, he—I submit to you that this young man—he's the super-skinny kid with the kind of disheveled collar, you know. He came in yesterday. I submit to you he couldn't tell a lie if he had a gun to his head, right?
>
> "I mean, he just listened to each question and gave you the straight—straight truth to every single one. And he told you that, 'Yes. In fact, [codefendant] tried to get me to do this robbery with him.'
>
> "And this is really the—the stake in the heart of [defendant's] claims because—and even if he wants to try to paint a picture of [one codefendant] as nothing more than a dirty criminal and [the other codefendant as] nothing more than a dirty criminal, this kid—I mean, I hope you agree with me on this, that—that there's really no way to credibly argue that he wasn't telling you the truth."

   Finally, regarding defendant's testimony that he had been hiding in an apartment after the burglary and did not open the door to the apartment when police officers knocked, the prosecutor stated:

> "Who hides from the cops? That's a rhetorical question. You're not allowed to answer it. I'll answer it for you. Guilty people hide from the cops, right? Now, if he wasn't in there, if they were knocking on an empty apartment door, right, what does that mean?
>
> "Again, I'll answer this one for you, too. It means he's lying. It means he lied under oath to you. And if a person is—comes in here and tells a provable lie under oath, then you can and should take their testimony and set it aside

and not use it to base your verdict on. That just makes logical sense."

Defendant did not object to any of the prosecutor's statements. However, the trial court did instruct the jury that "lawyers' statements and arguments are not evidence." The jury found defendant guilty of the burglary and related crimes.

On appeal, defendant contends that the trial court erred by not declaring a mistrial *sua sponte* on the basis of prosecutorial misconduct. Defendant admits that he did not object to any of the prosecutor's statements, but he argues that the statements were so prejudicial that the trial court had a duty to declare a mistrial on its own motion. Defendant asks us to address the trial court's failure to declare a mistrial as plain error.

We may reverse a trial court's action as plain error if the error (1) is an error of law; (2) is not reasonably in dispute; and (3) is apparent on the face of the record. *E.g.*, *State v. Turnidge*, 359 Or 507, 518, 373 P3d 138, *cert den*, 137 S Ct 569 (2016). "Applying that standard, the trial court's failure to grant a mistrial *sua sponte* constitutes reversible error only if it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *State v. Montez*, 324 Or 343, 357, 927 P2d 64 (1996), *cert den*, 520 US 1233 (1997).

The Supreme Court addressed in *State v. Parker*, 235 Or 366, 376-77, 384 P2d 986 (1963), prosecutorial statements arguably similar to those in this case. There, the prosecutor told the jury that a state witness "was telling the truth. We wouldn't have her if she wasn't. It is impossible for her to have been lying. It is impossible for her to have told that story." *Id.* at 376. The prosecutor then told the jury to rely on the police officers who had testified for the state because "[t]hey testify to the truth, and [the defendant] is guilty of killing [the victim]. And, we ask you to go in there and if you believe it, if you believe it, find him guilty." *Id.* at 377. The court affirmed defendant's conviction, concluding that those statements were not grounds for reversal absent an objection or request for an instruction about them. *Id.* at 378; *see also State v. Cheney*, 171 Or App 401, 410-12,

16 P3d 1164 (2000), *rev den*, 332 Or 316 (2001) (although prosecutor's comment that he only recommends charges in "true cases" was "well beyond the bounds of proper argument," the trial court did not err in failing to declare a mistrial *sua sponte*).

Defendant argues that the comments by the prosecutor in this case were similar in their import to the statements in *Parker*. Here, the prosecutor told the jury that the state's version of the events was the true story and that defendant's testimony was false. The prosecutor described the state's witnesses as—among other things—"extremely credible," said that one of them was incapable of telling a lie even "if he had a gun to his head," and said that there was "no way" that one witness could have made his story up. However, *Parker*, the Supreme Court affirmed based on lack of prejudice, and we do the same here. Even assuming that the statements in this case constituted prosecutorial vouching akin to that in *Parker*, the statements were not so prejudicial as to require the trial court to declare a mistrial *sua sponte*. Hence, the trial court did not err in failing to do that.

Affirmed.