On appellant's petition for reconsideration filed January 15; reconsideration allowed, former opinion (300 Or App 666, 455 P3d 1014 (2019)) adhered to March 11, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES TIRY McCURRY,
*Defendant-Appellant.*

Washington County Circuit Court
17CR01344; A165882

462 P3d 786

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

PER CURIAM

Reconsideration allowed; former opinion adhered to.

## PER CURIAM

Defendant petitions for reconsideration of our decision in *State v. McCurry*, 300 Or App 666, 455 P3d 1014 (2019). We allow reconsideration to address defendant's contention that we made a factual error, and we adhere to our prior decision.

Defendant raised two assignments of error in his corrected opening brief, both of which related to unpreserved claims that the trial court had erred when it "allowed" prosecutorial misconduct. In our opinion, we characterized defendant's arguments in support of those assignments as contending "that the trial court erred by not declaring a mistrial *sua sponte* on the basis of prosecutorial misconduct" and "that the statements were so prejudicial that the trial court had a duty to declare a mistrial on its own motion." *McCurry*, 300 Or App at 669. In his petition for reconsideration, defendant contends that we made a factual error in describing his arguments, because he expressly stated that he was *not* asking us "to *** enforce a *sua sponte* duty of the trial court." He explains, "Defendant did not assign error to the trial court's failure to declare a mistrial *sua sponte*. Defendant assigned error to the trial court's allowance of prosecutorial misconduct in closing argument." His position was that we could recognize, as a part of plain-error discretion, "that an illegality occurred, and the gravity of the illegality and the ends of justice warrant[ed] *** righting that wrong." Defendant cites Article VII (Amended), section 3, of the Oregon Constitution as providing authority for us to remand his case for retrial without having decided that the trial court erred by failing to act *sua sponte*.

Article VII (Amended), section 3, may, among other things, define the scope of our potential dispositions of a case, but, in context it is clear that those options are subject to laws and rules that constrain our review, such as the requirement to first determine that a trial court has made a legal error before overturning a criminal conviction. *See, e.g.*, ORS 138.105(2) (in criminal case, appellate court has authority to review only questions of law appearing on the record); ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other *ruling*

that is being challenged." (Emphasis added.)). Although we did characterize defendant's arguments in a way that he had attempted to distinguish in his brief, we did so because, in order to address whether a trial court committed plain error in those circumstances, we must first determine—and defendant is required to identify precisely—the ruling of the trial court that is being challenged on appeal. ORAP 5.45(3). In response to an assigned error, we determine whether the trial court erred in making the identified ruling. Sometimes, as in this case, an assignment of error is framed as the trial court having allowed something, even though the litigant did not object before the trial court, and therefore, there was no express ruling "allowing" anything. In that instance, the identified error of the trial court can only be the failure of the trial court to act on its own motion under circumstances in which it was required to act. Thus, we did recharacterize defendant's assignment of error, but we did so to frame it in the only way that allowed us to address it—as the failure to act, *sua sponte*, in response to what defendant identified as prosecutorial misconduct.

Reconsideration allowed; former opinion adhered to.